# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 20-59 (ECT/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Gene Paul Schave (1), | |
| Defendant. | |

Emily Polachek, Esq., United States Attorney's Office, counsel for Plaintiff.

Douglas Olson, Esq., Office of the Federal Defender, counsel for Defendant Schave.

This action came on for hearing before the Court by video conference on June 16, 2020. Defendant consented to a video conference for the motion hearing. (Doc. No. 33.) Defendant Gene Paul Schave presented various pretrial motions, and the Government responded. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

1. **Defendant's Pretrial Motion for Disclosure of 404(b) Evidence.**

Defendant moves for disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404(b). Defendant requests disclosure three weeks before trial. The Government requests that the Court require it to give notice under Rule 404(b) no later than two weeks prior to trial. Defendant's Motion for Disclosure of 404(b) Evidence **(Doc. No. 23)** is **GRANTED** to

the extent that the Government must disclose Rule 404(b) evidence no later than **twenty-one days** prior to trial.

2. **Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.** Defendant moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government states that it has complied and will continued to comply with its obligations under *Brady*. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant **(Doc. No. 24)** is **GRANTED** to the extent required by *Brady* and its progeny. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

3. **Defendant's Motion for Early Disclosure of Jencks Act Material.** Defendant moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, specifically requesting disclosure of Jencks Act material at least two weeks before trial. The Government objects to this motion on the grounds the Eighth Circuit has repeatedly held that the government cannot not be required to make pretrial disclosure of Jencks material. *See, e.g.*, *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984). Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of

subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Material **(Doc. No. 25)** is **DENIED**. Nothing in this Order, however, precludes the Government from disclosing any additional Jenks Act material three days prior to trial as it has represented it agrees to do.

    4.    **Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G).** Defendant seeks an order requiring the Government to disclose expert testimony and a written summary of all expert testimony the Government intends to use at trial, and to make such disclosure one month before trial. The Government does not object to Defendant's motion. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G) **(Doc. No. 26)** is **GRANTED** to the extent that it conforms to the scope of Rule 16. Expert-witness information shall be disclosed at least **thirty days** prior to trial.

    5.    **Defendant's Motion to Suppress Statements, Admissions, and Answers.** Defendant seeks an order suppressing all statements, admissions, and answers made by Defendant prior to, at the time of, or after his arrest. In particular, Defendant points to the questioning by investigators on October 3, 2019. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **June 30, 2020**, and the Government shall file its response by **July 14, 2020.** The Court will take Defendant's Motion to Suppress Statements, Admissions, and Answers **(Doc. No. 27)** under advisement on **July 14, 2020**, and issue a **Report and Recommendation** to the District Court.

**6.    Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure.** Defendant seeks an order suppressing any physical evidence obtained as a result of a search and seizure. In particular, Defendant points to the search warrant executed at Defendant's residence on October 3, 2019, and asserts the warrant was issued without a sufficient showing of probable cause. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **June 30, 2020**, and the Government shall file its response by **July 14, 2020.** The Court will take Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure **(Doc. No. 28)** under advisement on **July 14, 2020**, and issue a **Report and Recommendation** to the District Court.

**7.**    The trial and other related dates will be determined by District Judge Eric C. Tostrud through separate order.

Date:  June 17, 2020

                                             *s/ Becky R. Thorson*
                                             BECKY R. THORSON
                                             United States Magistrate Judge