UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

United States of America,                         File No. 20-cr-59 (ECT/BRT)

                    Plaintiff,

v.

                                                  **OPINION AND ORDER**

Gene Paul Schave,


                    Defendant.
_____

Emily Polachek, United States Attorney's Office, Minneapolis, MN, for Plaintiff United States of America.

Douglas Olson, Office of the Federal Defender, Minneapolis, MN, for Defendant Gene Paul Schave.
_____

Defendant Gene Paul Schave, indicted on a charge of possession of child pornography, ECF No. 1, moved to suppress physical evidence seized in a search of his home, ECF No. 28, as well as certain statements that he made to a law enforcement officer during the search, ECF No. 27. In a Report and Recommendation ("R&R"), Magistrate Judge Becky R. Thorson concluded that Schave's motion to suppress statements should be granted and that his motion to suppress physical evidence should be denied. R&R at 16 [ECF No. 46]. Schave objects to the latter conclusion, which will be reviewed de novo. *See* 28 U.S.C. § 636(b)(1); Local Rule 72.2(b)(3).[1] Based on that review, the R&R will be accepted.

_____

[1] Neither party objected to Magistrate Judge Thorson's conclusion that the motion to suppress statements that Schave made after invoking his right to counsel should be granted.

The warrant authorizing a search of Schave's home resulted from an application and accompanying affidavit of Officer Dale Hanson. *See* Gov't Suppression Hr'g Ex. 1 ("Gov't Ex. 1"); ECF No. 36. According to the affidavit, a series of "Cybertips" had alerted law enforcement to apparent child pornography originating from a particular IP address. Gov't Ex. 1 at 236.[2] The IP address was associated with a subscriber named Paul Sutton, who lived at an address on Como Avenue in Minneapolis. *Id.* at 237. After further investigation, it appeared to Officer Hanson that the Como residence "might be a room rental type home." *Id.* at 240. Two sex offenders—Sutton and Schave—"currently live[d] at" the address. *Id.* at 240–41. Officer Hanson, based on his experience with similar investigations, reported two facts that are particularly relevant to this case. First, technology exists that "allows persons to share digital access over wired or wireless networks allowing multiple persons to appear on the Internet from the same IP address within the same residence." *Id.* at 233. Second, in shared living arrangements, "[i]t is common for one resident to pay for internet and charge the other residents for use of the internet." *Id.* at 241. A Minnesota state-court judge issued the warrant. *See id.* at 246.

Schave's first argument is about probable cause. *See* Def.'s Objs. to R&R at 3 [ECF No. 49]. Specifically, he argues that, because the warrant affidavit described the Como address as a "room rental type home" and reported that Sutton was the subscriber for the home's internet service, there was no probable cause to justify a search of Schave's room

---

Because that portion of the R&R is not clearly erroneous, *see* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam), it will be accepted.

[2]   For consistency with the R&R, the page numbers here refer to those in the bottom right corner of each page of the exhibit.

and devices.  *Id.* at 8–9.  The Government disagrees, arguing that there was a sufficient basis for probable cause because, based on the information in the affidavit, "any member of the household could have used the flagged internet connection to upload child pornography."  *See* Gov't Resp. at 6 [ECF No. 50].

Magistrate Judge Thorson correctly concluded that the state judge had a substantial basis to find probable cause.  *See* R&R at 7–8.  Probable cause exists when the supporting affidavit "sets forth sufficient facts to establish 'a fair probability that contraband or evidence of a crime will be found in a particular place.'"  *United States v. Darr*, 661 F.3d 375, 380 (8th Cir. 2011) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).  Officer Hanson's affidavit reported that child pornography had been uploaded by someone at the Como Avenue home using an IP address linked to Sutton; that two sex offenders, Sutton and Schave, both lived in the home; and that "[i]t is common [in room-rental situations] for one resident to pay for internet and charge the other residents for use of the internet."  Gov't Ex. 1 at 236–37, 241.  This information, taken together, established a "fair probability" that physical evidence of child-pornography crimes would be located in the home, *Darr*, 661 F.3d at 380, and sufficiently connected Schave to that probability, *see United States v. Reed*, No. 1:17-CR-314-MHC-LTW, 2018 WL 6611580, at *4 (N.D. Ga. Nov. 13, 2018) (finding probable cause to search an entire residence, including the defendant's bedroom, when the IP address linked to child pornography was being used by the defendant's roommate), *report and recommendation adopted*, 2018 WL 6605374 (Dec. 17, 2018); *cf. United States v. Chrobak*, 289 F.3d 1043, 1046 (8th Cir. 2002) (holding that

probable cause existed to search a home based on evidence that child pornography had been uploaded from an account linked to a resident of the home).

Schave's second objection is that the warrant lacked sufficient particularity. *See* Def.'s Objs. to R&R at 3–11. He argues that, because this "was a rental room house," the warrant needed to specifically authorize a search of his bedroom. *Id.* at 9. The Government argues that, because Schave had access to the entire home and the internet connection, it was reasonable for the issuing judge to conclude that anyone living in the house could have uploaded the child pornography. *See* Gov't Resp. at 6–7.

To comply with the Fourth Amendment's particularity requirement, a search warrant must contain "a description of the place to be searched." *United States v. Curry*, 911 F.2d 72, 76 (8th Cir. 1990) (quotation omitted); *see also* U.S. Const. amend. IV. "[T]here must be evidence of a nexus between the contraband and the place to be searched," *United States v. Alexander*, 574 F.3d 484, 490 (8th Cir. 2009) (quotation omitted), and a warrant authorizing the search of an entire building may be invalid if the police have reason to believe that the building contains multiple, separate residences, *see Marvin v. United States*, 732 F.2d 669, 673 (8th Cir. 1984). But the degree of particularity required depends on "the circumstances and the type of items involved." *United States v. Frederickson*, 846 F.2d 517, 519 (8th Cir. 1988) (quotation omitted). A reviewing court does not resolve issues of particularity "in a vacuum," but "on such factors as the purpose for which the warrant was issued, the nature of the items to which it is directed, and the total circumstances surrounding the case." *United States v. Fiorito*, 640 F.3d 338, 346 (8th Cir. 2011) (quotation omitted).

4

Magistrate Judge Thorson correctly determined that the search warrant was sufficiently particular.  *See* R&R at 9–11.  As noted above, the affidavit supporting the warrant established a fair probability that evidence of child pornography would be found at the Como residence.  It identified both Sutton and Schave as residents of the home and explained why both men could be using the same internet service.  And as Magistrate Judge Thorson found, the potential "room rental" character of the home gave no reason to believe that it was separated into distinct, private units or that Sutton and Schave did not have access to the whole building.  *Id.* at 11.  Under these circumstances, the warrant could reasonably authorize a search of both Schave's room and Sutton's room, along with the areas to which either man had access.  *See United States v. Perez*, 484 F.3d 735, 741 (5th Cir. 2007) (stating that a warrant authorizing a search of a multi-unit structure is valid if there is probable cause to search each unit or "the targets of the investigation have access to the entire structure"); 2 Wayne R. LaFave et al., *Criminal Procedure* § 3.4(e) n.89 (Dec. 2019 Update) ("[W]here several persons . . . occupy certain premises in common, courts have readily upheld a single warrant describing the entire premises."); *see also United States v. Tillotson*, No. 2:08-CR-33, 2008 WL 5140773, at * 7 (E.D. Tenn. Dec. 2, 2008) ("Having no knowledge where the computer (or computers) and other electronic storage devices might be located, [the agent] reasonably was authorized to search throughout the entire house.").  Schave's argument rests on the false premise that only Sutton was a target of the investigation.  The affidavit identified both men as registered sex offenders living at the home, and the fact that Sutton was the named internet subscriber did not limit the investigation to him.

Although Schave does not explicitly raise the argument that the execution of the warrant—as opposed to its facial validity—was improper, he does cite cases to that effect. *See* Def.'s Objs. to R&R at 8; *see also, e.g.*, *United States v. Shamaeizadeh*, 80 F.3d 1131, 1138–39 (6th Cir. 1996) (explaining that officers must restrict their search once they discover that a dwelling is divided into separate units).   As Magistrate Judge Thorson recognized, these cases are inapposite because both Schave and Sutton were named in the warrant affidavit as registered sex offenders living at the home, and there was probable cause to search the areas to which either man had access.  R&R at 12–13 & n.5.  No later-acquired information affected this conclusion.

Finally, Schave argues that the good-faith exception to the exclusionary rule cannot apply because: (1) the officers could not reasonably have believed that there was probable cause to search *his* room and *his* devices; and (2) the officers could not reasonably have believed that the warrant was sufficiently particular.  *See* Def.'s Objs. to R&R at 11–14.

For the reasons already discussed, this argument fails.   "[T]he exclusionary rule does not apply when the police conduct a search in 'objectively reasonable reliance' on a warrant later held invalid."  *Davis v. United States*, 564 U.S. 229, 238–39 (2011) (quoting *United States v. Leon*, 468 U.S. 897, 922 (1984)).  The warrant in this case was not lacking in either probable cause or particularity, and thus it was reasonable for the officers executing the search to rely on it.  *See Leon*, 468 U.S. at 921 ("In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient.").

6

Furthermore, even if the search warrant had been invalid, it still would have been reasonable for the officers to rely on it.  The affidavit gave sufficient reason to believe that someone in the home had uploaded child pornography and identified Schave as one of the current residents.  Moreover, once officers were on the scene but before they completed the search, Schave told them that he had electronic devices in his bedroom and an adjoining closet that may have violated the conditions of his probation.  R&R at 15.  As Magistrate Judge Thorson recognized, this gave officers further reason to search those areas.  *Id.*; *see United States v. Koons*, 300 F.3d 985, 991 (8th Cir. 2002) ("The totality of the circumstances are considered in determining whether an officer acted in objective good faith under *Leon*." (citation omitted)).

## ORDER

Therefore, based on all the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1.      Defendant Gene Paul Schave's Objection to the Report and Recommendation [ECF No. 49] is **OVERRULED**;

2.      The Report and Recommendation [ECF No. 46] is **ACCEPTED**;

3.      Defendant's Motion to Suppress Statements, Admissions, and Answers [ECF No. 27] is **GRANTED**.

4.      Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [ECF No. 28] is **DENIED**.

Dated:  October 27, 2020              s/ Eric C. Tostrud
                                      Eric C. Tostrud
                                      United States District Court

7